# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| K.R., a Minor, by and through SHREZE JOHNSON, as Parent and Next Friend; and SHREZE JOHNSON, Individually,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; OSF HEALTHCARE SYSTEM, an Illinois Corporation d/b/a SAINT FRANCIS MEDICAL CENTER; BRADLEY NITZSCHE, M.D.; MICHAEL LEONARDI, M.D.; DOUGLAS C. HARRINGTON, M.D., S.C., an Illinois Corporation; DOUGLAS C. HARRINGTON, M.D.; ILLINOIS HOSPITAL MEDICINE ASSOCIATES, P.C., an Illinois Corporation; ANTHONY J. CARUSO, M.D.; OSF MULTI-SPECIALTY GROUP, an Illinois Corporation; SHELLY SHALLAT, M.D.; and SUSAN RAMIRO, M.D.,<br>        Defendants. | Case No. 1:19-cv-01047-JES-JEH |

**Order**

Now before the Court is the Plaintiffs' Motion for Leave to File a Second Amended Complaint and to Substitute Plaintiff (Doc. 123, 125).[1]  The Motion is

---

[1] The Plaintiffs filed redacted and unredacted versions of their Motion.

1

fully briefed and for the reasons set forth below, the Plaintiffs' Motion is DENIED IN PART and GRANTED IN PART.

I

Plaintiffs K.R., a Minor, by and through Shreze Johnson, as Parent and Next Friend, and Shreze Johnson, Individually, filed a Complaint (Doc. 1) against Defendant United States of America (United States) on February 15, 2019 pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. The Plaintiffs alleged acts of medical negligence by a certified nurse midwife in the labor of Shreze Johnson and the delivery of K.R. at OSF Saint Francis Medical Center on March 22, 2017, and at all times relevant. They also included a second count for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff K.R., allegedly incurred and to be incurred as a result of the Defendant's negligence, pursuant to the Illinois Family Expense Act, 750 ILCS 65/15. On July 30, 2019, the Court put a discovery schedule in place.

The Plaintiffs were thereafter granted leave to join as defendants in their federal lawsuit those who were named as defendants in the Plaintiffs' October 31, 2017 multi-count complaint in Illinois state court alleging acts of medical negligence based on those defendants' treatment of the Plaintiffs in the labor of Shreze and delivery of K.R. on March 22, 2017. This Court vacated the discovery schedule on April 15, 2020, and the Plaintiffs' First Amended Complaint (Doc. 17) naming the additional Defendants was filed on April 16, 2020. On August 4, 2020, the Court set a new discovery schedule which included a deadline of November 9, 2020 to amend the pleadings and join additional parties. In the instant Motion for Leave to File a Second Amended Complaint and to Substitute Plaintiff (Doc. 123, 125), the Plaintiffs seek to add Amy Mehl, RN as a defendant, to add an institutional negligence allegation against Defendant OSF HealthCare System (OSF), and to substitute Commerce Trust Company (Commerce Trust) as a

plaintiff for the medical negligence counts since Commerce Trust has been appointed Guardian of K.R.'s estate. The Plaintiffs filed their Motion to amend and substitute on January 19, 2022.

## II

At this stage of the case, after the deadline to amend the pleadings has expired, the Plaintiffs must show "good cause" to amend their complaint. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"). Good cause requires a showing of diligence by the party seeking the amendment. *Trustmark Ins. Co.*, 424 F.3d at 553. The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Federal Rule of Civil Procedure 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011).

### 1

As for the would-be additions of Mehl and an institutional negligence count, more than 13 months have passed since the amendment of pleadings/joinder deadlines and fact discovery closes soon, on April 11, 2022. With regard to Mehl, more than seven months have passed since she was deposed in this case. Discovery in this case, generally, has been ongoing for a year and a half.[2] The Plaintiffs have failed to show diligence in seeking to amend their complaint at this time. In fact, the Plaintiffs do not cite to any authority for their request to amend their complaint, let alone make any substantive arguments pursuant to the

---

[2] This is to say nothing of the discovery that occurred before the original sch22222edule was vacated in April 2020.

3

applicable standard as to why they should be allowed to amend at this stage of the case.

On the contrary, the responding Defendants not only cite the pertinent authority, they provide several reasons for why that authority should preclude the Court from granting the Motion to amend. Defendant OSF points out that the Plaintiffs filed their first complaint relative to the labor and delivery of Shreze Johnson and K.R. over *four* years ago in state court, and the Plaintiffs had the medical records identifying Mehl and her care and treatment related to Shreze's labor which were reviewed by the reviewing health care provider who authored a certificate of merit pursuant to 735 ILCS 5/2-622.[3] Defendant United States points out the nearly eight months that elapsed between Mehl's deposition (and 12 of the other depositions the Plaintiffs cite in their Motion to amend) and the Plaintiffs' instant request to amend. Defendant OSF points to several allegations against OSF in the proposed amendment that it failed to have policies, procedures, and practices concerning several different topics, and the topics all relate to the care and treatment of patients like Shreze and K.R. relative to the labor and delivery at issue in this case. Defendant OSF insists the Plaintiffs have had the medical records concerning the medical care at issue relative to the proposed institutional negligence claims for at least four years. The foregoing arguments coupled with the Plaintiffs' failure to provide any explanation for their delay in seeking to amend precludes the Court from finding there is good cause to amend at this late stage. Thus, the Court need not address Defendant OSF's arguments of futility pursuant to Rule 15.

---

[3] The certificate of merit was attached to the Plaintiffs' original complaint filed on February 15, 2019. *See* (Doc. 1-3 at pgs. 1-4).

**2**

As for the Plaintiffs' request that they be allowed to substitute Commerce Trust as a plaintiff for the medical negligence counts, only Defendant United States responded stating that it took no position on that request. Accordingly, the Court allows the substitution of Commerce Trust.

**III**

For the reasons set forth above, the Plaintiffs' Motion for Leave to File a Second Amended Complaint and to Substitute Plaintiff (Doc. 123, 125) is DENIED IN PART and GRANTED IN PART. The Motion is DENIED insofar as the Plaintiffs seek leave to amend to add a defendant and an institutional negligence count against Defendant OSF. The Motion is GRANTED insofar as the Plaintiffs seek to substitute Commerce Trust Company as a plaintiff for the medical negligence counts in the First Amended Complaint. The Plaintiff is directed to file a further amended complaint by February 22, 2022 solely to reflect the substitution.

*It is so ordered.*

Entered on February 15, 2022.

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE